Citation Nr: 1527846 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 12-00 049 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to compensation under 38 U.S.C.A. § 1151 for plexopathy on the left leg.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

The Veteran and his wife


ATTORNEY FOR THE BOARD

L. Willis, Associate Counsel 

INTRODUCTION

The Veteran served on active duty form May 1958 to June 1962.

This matter comes before the Board of Veterans Appeals (Board) from a March 2011 rating decision issued by the Department of Veterans Affairs Regional Office (RO) in Muskogee, Oklahoma which denied entitlement to compensation under 38 U.S.C.A § 1151 and entitlement to individual unemployability. 

The Veteran presented testimony at a Videoconference Board hearing in June 2012, and a transcript of the hearing is associated with his virtual claims folder.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

This appeal was processed using the VBMS paperless claims processing system. Accordingly, any future consideration of this appellant's case should take into consideration the existence of this electronic record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

First, in an October 2014 remand, the Board directed the AOJ to obtain the Veteran's December 2007 informed consent form. The Veteran was afforded a VA examination in October 2010 where the examiner referred to the Veteran's signed consent form, particularly a portion of the form which stated, "What are the known risks of his treatment/procedure." The examiner stated that nerve damage was listed as one of the risks. There was no signed informed consent form of record.

In March 2015, the AOJ associated with the Veteran's electronic claims folder a transcribed version of the Veteran's informed consent form instead of the actual form signed by the Veteran. The transcribed version did not have a portion titled "What are the known risks of his treatment/procedure." It is unclear as to where the October 2010 examiner found this particular section. As the AOJ did not obtain the actual informed consent form signed by the Veteran and the transcribed form is inadequate for adjudication purposes, the Board finds that a remand is necessary to obtain the Veteran' s actual signed informed consent form which the October 2010 stated he reviewed. Stegall v. West, 11 Vet. App. 268, 271 (1998) (where the remand orders of the Board are not met, the Board errs as a matter of law when it fails to ensure compliance, and further remand will be mandated).

Second, in June 2012, the Veteran submitted a letter from his private oncologist, Dr. W.D. Dr. W.D. noted the Veteran's post-surgery medical issues, including "multiple recurring tumor, leg/femoral weakness and recurrent GI fistulas." He opined that, "The complications [the Veteran] is experiencing to a reasonable degree of medical certainty are a result of the technical portion of his initial surgery at the Dallas VA. The trans abdominal approach at Dallas instead of a retroperitoneal flank approach made all of these complications more likely." However, Dr. W.D. did not opine as to whether the VA failed to furnish the degree of care expected of a reasonable health care provider. On remand, the AOJ should obtain an addendum opinion from the October 2010 VA examiner and request that he comment on Dr. W.D.'s opinion. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain the December 2007 informed consent forms signed by the Veteran for all procedures associated with his December 11, 2007 excision of a retroperitoneal tumor, Hartman's Procedure, mobilization of splenic flexure and left nephrectomy. In March 2015, the AOJ associated with the electronic claims folder the transcribed version of the informed consent form instead of a copy of the actual signed informed consent form. The transcribed version did not include a section entitled, "What are the known risks of his treatment/procedure," which the October 2010 VA examiner referred to in his report. 

If the AOJ is unable to locate the actual signed informed consent form, the AOJ should request that the October 2010 examiner identify which informed consent form he read the section entitled, "What are the known risks of his treatment/procedure."

If the records are not obtained, the AOJ must document all efforts to obtain the records and obtain negative responses from the VA treatment facility or facilities.

2. Obtain an addendum opinion from the October 2010 VA examiner (or, if he is unavailable, an appropriate medical professional). The Veteran's electronic claims file, including a copy of this remand, must be made available to the examiner for review in connection with the opinion. If the examiner feels another examination is necessary, another examination should be scheduled. The examiner is requested to review the claims file and offer an opinion as to the following questions:

(a) Whether it is at least as likely as not (50 percent probability or greater) that the Veteran's left leg plexopathy is due to (caused or aggravated by) negligence, lack of care, or similar instance of fault on part of VA, or was not reasonably foreseeable as a result of the treatment and surgery.

(b) If any fault on the part of VA is identified, the examiner must opine as to whether the left leg plexopathy was at least as likely as not caused or aggravated by such.

The examiner is asked to comment on Dr. W.D.'s opinion which stated, "The complications [the Veteran] is experiencing to a reasonable degree of medical certainty are a result of the technical portion of his initial surgery at the Dallas VA. The trans abdominal approach at Dallas instead of a retroperitoneal flank approach made all of these complications more likely." 

A full and complete explanation for all opinions expressed is required. The examiner is reminded that the term "as likely as not" does not mean "within the realm of medical possibility," but rather that the evidence is so evenly divided that, in the examiner's expert opinion, it is as medically sound to find in favor of the proposition as to find against it.

3. Ensure that the addendum opinion report complies with, and answers the questions posed in this remand. If the report is insufficient, it should be returned to the examiner for corrective action.

4. Then, readjudicate the Veteran's claim of entitlement to compensation for qualifying additional disability under the provisions of 38 U.S.C.A. § 1151; 38 C.F.R. § 3.361. If the benefit is not granted, provide the Veteran and his representative with a supplemental statement of the case and allow an appropriate opportunity to respond thereto.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).